**Settlement Agreement**

I. Parties

This settlement agreement ["Global Settlement"] is made by and among (1) Marc Pergament as Chapter 7 Trustee ["Trustee"] for the bankruptcy estate ["Estate"] of Barnet Liberman ["Debtor"] in the bankruptcy case currently pending in the United States Bankruptcy Court for the Eastern District of New York ["the Court"] as *In re Barnet Louis Liberman*, Case No. 8-21-70611-reg ["the Bankruptcy Case"] and also as Plaintiff in *Pergament v. 805 Hudson LLC, et al.*, Adv. No. 22-ap-08094 ["the Adversary Proceeding"]; (2) the United States of America on behalf of the Internal Revenue Service ["IRS"], which filed Claim No. 11 (as amended) in the Bankruptcy Case and which is a defendant and cross-claimant in the Adversary Proceeding; (3) Gary M. Rosenberg ["Rosenberg"], who filed Claim No. 66 in the Bankruptcy Case in the amount of almost $3 million allegedly secured by a mortgage ["the Rosenberg Mortgage"] against certain condominium units in New York City as defined in the following footnote[1] ["the NYC Condo Units"], and who is a Defendant and Crossclaim Defendant in the Adversary Proceeding; (4) 305 Second Avenue Associates, LP ["the Partnership" or "305 LP"], in which the Estate holds a capital interest of approximately 38.6% and a profits interest of approximately 33.4%, and which Partnership filed Claim No. 35 for approximately $671,000 in the Bankruptcy case; (5) 305-421 LLC, which filed Claim No. 65 (as amended) in the Bankruptcy Case asserting a security interest in the Estate's interest in 305 LP in excess of $1 million; (6) 3–4 Lender LLC, which filed Claim No. 48 (as amended) in the Bankruptcy Case asserting a security interest in the Estate's interest in 305 Second for $80,000; and (7) Hudson Leroy LLC, which filed Claim No. 51 for $37,337 in the Bankruptcy Case (unsecured).

All of the foregoing parties agree to the following terms on behalf of themselves, their partners or members where applicable; and their successors or assigns subject to the following reservations: (a) the Trustee's agreement is subject to approval of the Court pursuant to Bankruptcy Rule 9019; (b) the United States' agreement is tentative, reflecting that the assigned trial attorney and his reviewer are recommending acceptance by a duly authorized delegate of the Attorney General, whose identity will depend upon how officials

---

[1] "The NYC Condo Units" consist of three units located at 421 Hudson Street, New York, NY 10014, known as units 805 and 806 (or 805/6 as they are combined) and Unit C-8.

1

in the Department of Justice, Tax Division, view the maximum amount the government may be unable to collect as a result of this agreement in light of the uncertainty of the value of certain assets. The matter has not yet been considered by anyone whose recommendation above that of the trial attorney's reviewer will be necessary (or by any official who may be determined to have ultimate authority). If this Global Settlement is ultimately not approved by a duly authorized delegate of the Attorney General, no part of this agreement shall be binding on any party hereto.

Preliminarily, it is noted that Rosenberg, is affiliated with 305-421 LLC, which is currently the general partner of 305 Second, having acquired the interests of Winthrop Chamberlin ["Chamberlin"] (approximately 39% capital interest and 34% profits interest) after that Partnership filed its Claim. Rosenberg is also affiliated with entities that own or control 305-421 LLC, and 3-4 Lender LLC, and Hudson Leroy LLC. In addition, Rosenberg represents that he is able to bind certain additional entities to the extent indicated by the terms below, including 305 LP, 305-421 LLC, 3-4 Lender LLC, Hudson Leroy LLC, 421 HL Fitness LLC, 305 Las Vegas LLC, Remnant 305 LLC, Super 714 LLC, 305 Second Avenue LLC, Rutherford Palace LLC, 305 Commercial LLC, 515 Somerville GC, Akire Properties LLC, Adam Rosenberg, and Mountbatten Equities LP ["the Rosenberg Affiliates"]. John Giampolo signed the Claims filed by Hudson Leroy LLC, 3-4 Lender LLC and 305-421 LLC. Chamberlin signed the Claim filed by 305 LP.

II. Prior Agreements

This Global Settlement generally respects and does not alter two settlement agreements previously approved by the Court. The first is the "Stipulation of Settlement" among the Trustee, the children of the Debtor and Phyllis Liberman, Phyllis Liberman individually and as trustee of various trusts for the children of Barnet and Phyllis Liberman, Hudson 805 LLC ["Hudson 805"], the Liberman Group LLC, and TLG Hudson LLC ["TLG Hudson"], which is referred to herein as "the § 548 Agreement." As part of the § 548 Agreement, 87.5% of indirect ownership interests in the NYC Condo Units became property of the Estate along with 87.5% of the Liberman Group LLC. The agreement is filed in the Adversary Proceeding as ECF No. 55 and was approved by the Court at ECF No. 62

The second previously approved settlement agreement is the "Revised Settlement Agreement Regarding Federal Tax Liens on Manhattan Real Estate" filed in the Bankruptcy Case at ECF No. 239-3 ["Trustee/IRS Agreement"] and was approved by the

Court at ECF No. 246. As part of the Trustee/IRS Agreement, the IRS's tax lien for 2012 tax and interest is in first position on Unit C-8 and junior only to Axos Bank's mortgage on Unit 805/6 and its other liens for tax and interest (A) are senior to the Estate's interest in 37.5% of the NYC Condo Units (deemed under the agreement to be traceable to Phyllis), and (B) encumber one-third of the Estate's interest in the other 50% that makes up the Estate's 87.5% interest (*i.e.,* with the Estate entitled to two-thirds of the proceeds of that 50% and the IRS entitled to one-third).

While this Global Settlement is not intended to alter either of two previous agreements, in the event the Court determines an irreconcilable inconsistency with the § 548 Agreement, this Global Settlement governs unless it would prejudice a party to the § 548 Agreement other than the Trustee. And, in the event of an irreconcilable inconsistency with the Trustee/IRS Agreement, this Global Settlement controls.

### III. Scope of Federal Tax Liens

The IRS has liens for income tax and interest (including for tax years 2012, 2013, 2015, and 2016) and for Trust Fund Recovery Penalty assessments, that attach to all personal property of the Estate unrelated to the NYC Condo Units, including but not limited to Barnet Liberman's interests in any partnerships or LLCs, except that the extent to which the tax liens attach to the Estate's interest in the Liberman Group LLC as acquired by the Estate under the § 548 Agreement is unresolved and left to future negotiation or Court resolution if any value is realized by the Trustee from the Liberman Group LLC.

### IV. Terms

1. The Estate's interests in 305 LP (capital and profits interests) shall be sold by assignment ["305 LP Assignment"] to Rosenberg (or such entity as he may designate) for consideration as follows:

(a) Within 14 days of the Court's approval of this agreement, Rosenberg shall cause the sum of $800,000 to be wired to the Department of Justice, Tax Division, in respect to the federal tax liens against Barnet Liberman's interests in 305 LP;

(b) Claim No. 35 filed by 305 LP against the Estate shall be deemed satisfied by way of setoff as part of the sale price; and

(c) Claims 48 and 65 filed by 305-421 LLC and 3-4 Lender LLC shall become wholly unsecured general claims pursuant to 28 U.S.C. § 506(a) due to insufficient value of the Estate's interests in 305 LP after the federal tax liens are satisfied.

(d) Neither the 305 LP Assignment, nor the $800,000 paid to the IRS shall be subject to any claim for disgorgement, claw back, avoidance, or other recovery except in the event that a party in interest successfully appeals the Court's order approving this agreement and the Estate's interests in 305 LP are not thereafter sold in accordance with these terms after any final determination (and based on the requirement to return the $800,000 after a successful appeal of an objecting party in interest, it is agreed that no basis exists for a stay pending appeal). It is noted that the Trustee's recovery from the Nevada asset of approximately $950,000 under the settlement at ECF No. 241 in the Bankruptcy Case is also subject to the pre-petition federal tax liens but remains subject to the application of 11 U.S.C. § 724(b) to the extent there are insufficient unsecured funds to pay administration expenses, including but limited to compensation of the Trustee and Trustee's counsel under 11 U.S.C. § 326 and § 330. Additionally, certain provisions of the Trustee/IRS Settlement govern the applicability of § 724(b) to the proceeds of a sale of the NYC Condo Units.

2. The $800,000 payment in paragraph 1 above may be applied by the United States to the tax and interest (including post-petition interest) owed in respect to tax years 2013 first and then 2015 or 2016, which is acknowledged as preserving the lien for 2012-year tax and interest that enjoys a more senior position against the NYC Condo Units. If for any reason, the tax owed for any year to which the funds are applied is ultimately held to be less than claimed by the IRS (for example as a result of a net operating loss carryback), the amount of any resulting overpayment may be credited to any other tax liability for which the IRS filed a Notice of Federal Tax Lien prior to the petition date.

3. The IRS shall have no further claim or cause of action for the collection of the tax liabilities of Barnet and/or Phyllis Liberman against 305 LP, or against Chamberlin (or Rosenberg as his successor in interest) based on Chamberlin's receipt of a cash distribution from 2023 income that Barnet Liberman did not similarly get, and neither shall the Estate have any cause of action or claim against 305 LP, Chamberlin (or Rosenberg as his successor), or Rosenberg Affiliates.

4. The following terms shall apply to the NYC Condo Units titled to Hudson 805 bearing in mind that Axos Bank has a first mortgage on Units 805/6, but not C-8.

(a) The IRS lien for 2012 tax and interest is a first position lien on Unit C-8 and a second-position lien to Axos Bank on Units 805/6. It is anticipated that the proceeds of a combined sale would more than satisfy both Axos Bank and the IRS's lien for 2012 tax and interest but, in the event that proves to be incorrect, the parties acknowledge that the IRS and the bank will need to resolve the appropriate allocation if the units are combined and sold together.

(b) The Rosenberg Mortgage and secured claim asserted in Claim No. 66 in the Bankruptcy Case is reduced to $347,000 and, in addition, is subordinated (subject to the next subparagraph of his paragraph), to the other pre-petition tax liens of the IRS for tax and interest, which include income tax years 2013, 2015, and 2016 and the Trust Fund Recovery Penalties ["TFRPs"] to the extent that those liens are payable as secured under the Trustee/IRS settlement, but the Rosenberg Mortgage is not subordinated to the extent funds otherwise subject to the federal tax liens are allocated to the Estate under the Trustee/IRS agreement.[2] For avoidance of doubt, the reduced Rosenberg Mortgage ($347,000) will be paid from the Estate's one-third share of the proceeds of the NYC Condo Units that is free and clear of the IRS liens under the Trustee/IRS Agreement (the Estate's share being equal to two-thirds of the 50% of the proceeds deemed traceable to the Debtor's original ownership interest, and which does not include the part of the proceeds deemed traceable to Phyllis Liberman's original ownership interest that is divided between the Estate and Phyllis Liberman under the § 508 Agreement). The reduced Rosenberg Mortgage may also be collected from any part of the Estate's share of the remaining proceeds of the NYC Condo Units after satisfaction of the IRS liens. Paragraphs 1 and 3a of Trustee/IRS Agreement are incorporated here, by reference, to the extent necessary to give full force and effect to this provision. It is noted that the TFRP liens do not encumber any interests of Phyllis or traceable to her and thus the Estate would be entitled to the 37.5% of proceeds traceable to her original half interest that was assigned to the Estate in the § 508 Agreement after satisfaction of the joint

---

[2] The 2016 income tax and TFRPs are listed as priority unsecured in the current version of the IRS's claim but Notices of Federal Tax Lien were recorded pre-petition for those liabilities and they were allocated to priority as part of a conservative estimate of asset value pursuant to § 506(a). If assets subject to the tax liens are sufficient, they are secured. The TFRP is not a considered a "penalty" for bankruptcy law purposes. To the contrary, the TFRP is an unsecured priority claim under 11 U.S.C. § 507(a)(8)(C) when it is not secured.

7. Upon an order approving of this agreement becoming final and any appeals exhausted, the Trustee and the Estate shall be deemed to have released and discharged the following from any causes of action or claims and causes of action of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which had, may ever have, or may ever be claimed in association with any issues resolved by the Global Settlement, except claims to enforce this Global Settlement: Rosenberg, 305-421 LLC, 3-4 Lender LLC, the Rosenberg Affiliates, Chamberlin, and the law firm of Rosenberg & Estis P.C.

8. All parties hereto agree to execute any additional documents required to enable the Trustee to effectuate this Global Settlement.

9. This Global Settlement is designed to avoid the risks of litigation and is not, and shall not be construed for any purpose as, an admission by Rosenberg, 305 LP, Chamberlin or any Rosenberg Affiliates that allegations of the Adversary Proceeding or other adversarial claims against such parties related to this action are true.

10. In the event the Court does not approve this Global Settlement or if an order of approval is reversed in any appeal and not re-entered on remand, then it shall be deemed null and void and of no further force and effect.

11. This Global Settlement contains the entire understanding of the parties hereto and supersedes all prior understandings and agreements, whether written or oral, among the parties relating to the subject matter of this agreement, except to the extent described in Part II.

12. This Global Settlement and the rights and obligations of the parties hereunder shall be governed by and construed and interpreted in accordance with federal law and, where state law is applicable, by the laws of the State of New York. The Bankruptcy Court shall retain jurisdiction over the terms, conditions, interpretation, implementation and any and all disputes relating to this agreement. No rule of construction against the drafter shall apply to this agreement.

13. This Global Settlement may not be altered, modified, or changed unless in writing and signed by all parties affected by any such modification. This Global Settlement may be signed in multiple counterparts and by facsimile transmission or the transmission of a pdf file containing one or more signatures, and the counterparts when taken together shall constitute a fully executed original.

AGREED:

CHAPTER 7 TRUSTEE

By: _____
Mark A. Pergament
Weinberg, Gross & Pergament LLP

GARY ROSENBERG;
305 SECOND AVENUE ASSOCIATES, LP; 3-4 LENDER LLC; 305-421 LLC; MOUNTBATTEN EQUITIES, LP; and HUDSON LEROY LLC

By: _____
Andrew Gottesman
Rosenberg & Estis, PC

_____
Gary M. Rosenberg

305 SECOND AVENUE ASSOCIATES, LP

By: _____
Gary M. Rosenberg
Manager of General Partner

MOUNTBATTEN EQUITIES, L.P.

By: _____
Gary M. Rosenberg
Manager of General Partner

HUDSON LEROY LLC

By: _____
Gary M. Rosenberg
Manager of General Partner

3-4 LENDER LLC

By: _____
Gary M. Rosenberg, Manager

305-421 LLC

By: _____
Gary M. Rosenberg, Manager

UNITED STATES OF AMERICA

By: _____
Jeffrey N. Nuñez
Trial Attorney
Tax Division, U.S. Dept. of Justice

_____
Peter Sklarew
Assistant Chief
Northern Civil Trial Section
Tax Division, U.S. Dept. of Justice

8